Exhibit A

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
11/15/2021 9:44AM
BY: MMASTERS
DEPUTY

Bimal R. Merchant, SBN 026315
**MERCHANT LAW FIRM PLLC**
1001 North Central Avenue, Suite 660
Phoenix, Arizona 85004
T: (602) 254-6010
F: (602) 254-6352
brm@merchantlawaz.com
*Attorney for Plaintiff*

Case No.: S1100CV202102258
HON.  THE HON JOSEPH R GEORGINI

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| STEVEN S. JOHNSTON, a single man, | No. |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| AMAR SEDDIKI and JANE DOE SEDDIKI, husband and wife; TRANSLEAD LOGISTICS, INC., a Quebec foreign corporation; JOHN DOES and JANE DOES I-X; BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS I-X inclusive, | *(Tier 2 Requested)* (Tort – Motor Vehicle Accident) |
| Defendants. | |

Plaintiff Steven S. Johnston ("Plaintiff" or "Johnston"), by and through undersigned counsel, as and for his Complaint against Defendants, alleges as follows:

1.     At all times material hereto, Johnston was a resident of Pinal County, Arizona.

2.     Upon information and belief and at all times material hereto, Defendants Amar Seddiki and Jane Doe Seddiki (collectively "Defendants" or "Seddiki") were residents of Quebec, Canada.

3.     Upon information and belief and at all times material hereto, Defendant Translead Logistics, Inc. ("Translead") was a transportation company from Quebec, Canada authorized to travel in the State of Arizona.

4.     Pursuant to *Arizona Rules of Civil Procedure*, Rule 26.2(c)(3), the Court

should assign this case to the following tier based on the amount of damages requested: Tier 2 = Actions claiming more than $50,000 but less than $300,000 in damages.

5. Defendants John and Jane Does I-X, Black Corporations I-X, and White Partnerships I-X are persons or entities whose names are not currently known to Johnston but who are responsible to Johnston for the acts complained of herein or who have an interest in the real property described herein. Johnston will seek leave of the Court to amend this Complaint to set forth the true identities of those persons or entities once they become known.

6. At all times mentioned herein, Seddiki was acting on behalf of the marital community, composed of himself and his wife.

7. All events giving rise to this cause of action occurred in the State of Arizona and the amount in controversy exceeds the jurisdictional requirements of this Court, exclusive of costs and interest.

## **GENERAL ALLEGATIONS**

8. On or about November 16, 2019 at approximately 3:37 p.m., Johnston was traveling eastbound in his 2016 Toyota Corolla on Arica Road going 35 mph as he approached the Love's rest stop private drive on the north side of the roadway.

9. At the same date and time, Seddiki, driving Translead's white 2020 diesel freight truck with a trailer, was at the Love's rest stop waiting to turn left onto Arica Road.

10. As Johnston drove his Corolla past the Love's private drive, Seddiki pulled out onto Arica Road heading eastbound with Translead's truck and trailer striking the front driver's side of the Corolla.

11. The collision caused substantial damage to Johnston's Corolla and visible damage to Translead's truck and trailer.

12. The collision caused substantial personal injuries to Johnston.

## COUNT ONE

### (Negligence – Defendant Seddiki)

13.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

14.    Defendant Seddiki owed Plaintiff a duty of care to operate the vehicle in a safe and reasonable manner.

15.    Defendant Seddiki breached this duty of care by negligently failing to keep a proper lookout for other vehicles on the road; failing to exercise reasonable care in the operation of a motor vehicle; creating an unreasonable hazard; and in other respects not now known to Plaintiff but which may become known prior to or at the time of trial.

16.    A driver, like Plaintiff, is entitled to assume that another motorist (Defendant Seddiki) will proceed in a lawful manner and obey the laws of the road.

17.    Defendant Seddiki also owed a duty of care to keep a proper lookout for Plaintiff.

18.    Defendant Seddiki failed to keep a proper lookout.

19.    Defendant Seddiki owed a duty of care to operate his vehicle in a safe manner to avoid colliding with other vehicles.

20.    Defendant Seddiki failed to avoid colliding with the driver's side front end of the vehicle occupied by Plaintiff.

21.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious physical injuries.

22.    By virtue of Defendant's failures as described herein, and as the evidence shall demonstrate, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court enters judgment against Defendant Seddiki as follows:

A. For Plaintiff's general damages in an amount to be proven at trial.

B. For Plaintiff's special damages evidenced by his medical expenses which will be proven at the time of trial.

C. For interest on Plaintiff's medical expenses at the maximum rate allowed by law from the date of the filing of this Complaint until paid.

D. For interest on the judgment for Plaintiff's special damages and general damages at the maximum rate allowed by law until paid.

E. For Plaintiff's costs incurred herein, together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment herein until paid.

F. For such further relief as the Court deems just and proper under the circumstances.

## COUNT TWO

### (Negligence *Per Se* – Defendant Seddiki)

23. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

24. Defendant Seddiki failed to yield the right of way to oncoming traffic so as to avoid colliding with Plaintiff's vehicle.

25. The above failure constituted a direct violation of Arizona statutory provisions, including A.R.S. § 28-774. Plaintiff was, at the time of the crash, within the class of persons for whose benefit and protection the foregoing statute had been enacted. Defendant Seddiki's failure to comply with the foregoing statutory provision was the proximate cause of Plaintiff's injuries and, as a consequence, constituted negligence *per se*.

26. By virtue of Defendant's failure as described herein, and as the evidence shall demonstrate, Plaintiff has been damaged as alleged herein.

**WHEREFORE**, Plaintiff requests that the Court enters judgment against Defendant Seddiki as follows:

A.    For Plaintiff's general damages in an amount to be proven at trial.

B.    For Plaintiff's special damages as evidenced by the medical bills in an amount to be proven at trial.

C.    For interest on Plaintiff's medical expenses at the maximum rate allowed by law from the date of the filing of this Complaint until paid.

D.    For interest on the judgment for Plaintiff's special damages and general damages at the maximum rate allowed by law until paid.

E.    For Plaintiff's costs incurred herein, together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment herein until paid.

F.    For such further relief as the Court deems just and proper under the circumstances.

## COUNT THREE

### (Respondeat Superior - Defendant Translead)

27.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

28.    Defendant Seddiki at all times material hereto was an employee of Defendant Translead, who was hired to transport goods in Defendant Translead's tractor trailer.

29.    At the time of the collision referenced herein, Defendant Seddiki was driving Defendant Translead's tractor trailer on its behalf to transport goods pursuant to the course and scope of his employment with Defendant Translead.

30.    At all times material hereto, Defendant Seddiki was working within the course and scope of his employment with Defendant Translead when the collision

occurred which caused Plaintiff's injuries.

31.     Pursuant to the legal theory of *respondeat superior*, Defendant Translead is liable for the negligent actions of Defendant Seddiki.

**WHEREFORE**, Plaintiff requests that the Court enters judgment against Defendant Translead as follows:

A.     For Plaintiff's general damages in an amount to be proven at trial.

B.     For Plaintiff's special damages as evidenced by the medical bills in an amount to be proven at trial.

C.     For interest on Plaintiff's medical expenses at the maximum rate allowed by law from the date of the filing of this Complaint until paid.

D.     For interest on the judgment for Plaintiff's special damages and general damages at the maximum rate allowed by law until paid.

E.     For Plaintiff's costs incurred herein, together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment herein until paid.

F.     For such further relief as the Court deems just and proper under the circumstances.

DATED this 15th day of November, 2021.

**MERCHANT LAW FIRM PLLC**


By:   */s/ Bimal R. Merchant*
        Bimal R. Merchant
        1001 North Central Avenue, Suite 660
        Phoenix, Arizona 85004
        ***Attorneys for Plaintiff***

Person/Attorney Filing: Bimal R Merchant
Mailing Address: 1001 N. Central Avenue #660
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)254-6010
E-Mail Address: rie@merchantlawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026315, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

Steven S Johnston
Plaintiff(s),
v.
Amar Seddiki, et al.
Defendant(s).

Case No.   S1100CV202102268

**SUMMONS**

To: TRANSLEAD LOGISTICS INC.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 971 Jason Lopez Circle Building A, Florence, Arizona 85132 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #6217701

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PINAL

SIGNED AND SEALED this date:*November 15, 2021*

*Rebecca Padilla*
Clerk of Superior Court

By:*MMASTERS*
Deputy Clerk



AZturboCourt.gov Form Set #6277701

2

Person/Attorney Filing: Bimal R Merchant
Mailing Address: 1001 N. Central Avenue #660
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)254-6010
E-Mail Address: rie@merchantlawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026315, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

Steven S Johnston
Plaintiff(s),
v.
Amar Seddiki, et al.
Defendant(s).

Case No.   S1100CV202102268

**SUMMONS**

To: Amar Seddiki

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 971 Jason Lopez Circle Building A, Florence, Arizona 85132 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PINAL

SIGNED AND SEALED this date:*November 15, 2021*

*Rebecca Padilla*
Clerk of Superior Court

By:*MMASTERS*
Deputy Clerk



AZturboCourt.gov Form Set #6277701

Person/Attorney Filing: Bimal R Merchant
Mailing Address: 1001 N. Central Avenue #660
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)254-6010
E-Mail Address: rie@merchantlawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026315, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

Steven S Johnston
Plaintiff(s),
v.
Amar Seddiki, et al.
Defendant(s).

Case No.   S1100CV202102268

**SUMMONS**

To: Jane Doe Seddiki

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 971 Jason Lopez Circle Building A, Florence, Arizona 85132 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #6277701

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PINAL

SIGNED AND SEALED this date:*November 15, 2021*

*Rebecca Padilla*
Clerk of Superior Court

By:*MMASTERS*
Deputy Clerk



AZturboCourt.gov Form Set #6277701

Filed on 12/3/2021 11:58:47 AM, Clerk

# SUPERIOR COURT OF ARIZONA
# PINAL COUNTY

**CASE NUMBER: S1100CV202102268**

STEVEN JOHNSTON,

**Plaintiff(s)**

THE HON JOSEPH R GEORGINI,

**NOTICE OF IMPENDING DISMISSAL FOR FAILURE TO SERVE**

AMAR SEDDIKI,

**Defendant(s)**

## NOTICE AND WARNING:

Rule 4(i) - Pursuant to Rule 4(i), Arizona Rules of Civil Procedure, the Court shall dismiss the action without prejudice unless service is made upon a defendant within 90 days after the filing of the complaint.

This is notice that your case will be dismissed without further notice after Monday, March 21, 2022 at 1:30 ☐a.m. ☒p.m. if you do not take at least one of the steps listed below

**A. SERVE THE OTHER PARTY WITH THE COURT PAPERS AND FILE THE PROOF OF SERVICE**. If you have served the other party, you must file proof of service with the Clerk of the Court immediately.

**B. MOTION AND ORDER TO CONTINUE ON THE INACTIVE CALENDAR:** You may file a motion requesting additional time to complete the service of the court papers before the court automatically dismisses your case. The order granting the continuance must be SIGNED by the judge BEFORE the dismissal date indicated above.

**C. VOLUNTARY DISMISSAL OF YOUR CASE.** You may dismiss your case instead of waiting for the Court Order of Dismissal. You may obtain appropriate documents and instructions from the Pinal County

**You may obtain appropriate documents and instructions from the Pinal County Clerk of the Superior Court website:** http://www.coscpinalcountyaz.gov

**WARNING: Failure to comply with this notice may result in THE COURT DISMISSING YOUR CASE without prejudice.**
**If you have legal questions, consult an attorney who practices in this area of the law and has the**

Filed on 12/3/2021 11:58:47 AM, Clerk

**expertise you need.**

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
01/10/2022 3:59PM
BY: SGLORIA
DEPUTY

1   Bimal R. Merchant, SBN 026315
**MERCHANT LAW FIRM PLLC**
2   1001 North Central Avenue, Suite 660
Phoenix, Arizona 85004
3   T: (602) 254-6010
F: (602) 254-6352
4   brm@merchantlawaz.com
*Attorney for Plaintiff*

5

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7               IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| 8  STEVEN S. JOHNSTON, a single man, | No. S1100CV202102268 |
| 9       Plaintiff, | |
| 10 vs. | **MOTION TO EXTEND TIME FOR SERVICE OF PROCESS ON DEFENDANTS AMAR SEDDIKI AND JANE DOE SEDDIKI** |
| 11 AMAR SEDDIKI and JANE DOE SEDDIKI, husband and wife; TRANSLEAD LOGISTICS, INC., a Quebec foreign corporation; JOHN DOES and JANE DOES I-X; BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS I-X inclusive, | (Assigned to the Honorable Joseph R. Georgini) |
| 15      Defendants. | |

16      Plaintiff, Steven S. Johnston, by and through counsel undersigned hereby moves

17  this Court for an Order extending the service of process deadline on Amar Seddiki and

18  Jane Doe Seddiki (cumulatively "Seddiki") for the following reasons: (1) Translead

19  Logistics, Inc. ("Translead") is a foreign corporation that no longer employs Amar

20  Seddiki who lives in Canada and Translead does not know how to reach him; (2)

21  undersigned counsel will have to locate him through a private investigator out of

22  Montreal, where it is believed Seddiki last lived; and (3) once located, undersigned

23  counsel will need to serve process internationally through the Hague Convention, which

24  may take up to six months, depending on if Seddiki is found.

25      This request is not made for purposes of undue delay as undersigned counsel has

26  made multiple attempts to locate Seddiki through Translead's attorney, to no avail.

Based on the foregoing, it is respectfully requested that this Court extend the deadline to serve process on Seddiki 180 days.   An Order reflecting same is filed concurrently herewith.

RESPECTFULLY SUBMITTED this 10th day of January, 2022.

**MERCHANT LAW FIRM PLLC**


By:   _/s/ Bimal R. Merchant_____
    Bimal R. Merchant
    1001 North Central Avenue, Suite 660
    Phoenix, Arizona 85004
    ***Attorneys for Plaintiff***

Bimal R. Merchant, SBN 026315
**MERCHANT LAW FIRM PLLC**
1001 North Central Avenue, Suite 660
Phoenix, Arizona 85004
T: (602) 254-6010
F: (602) 254-6352
brm@merchantlawaz.com
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

| STEVEN S. JOHNSTON, a single man, | No. S1100CV202102268 |
|---|---|
| Plaintiff, | |
| vs. | **WAIVER OF SERVICE OF PROCESS AND ACCEPTANCE OF SERVICE BY TRANSLEAD LOGISTICS, INC.** |
| AMAR SEDDIKI and JANE DOE SEDDIKI, husband and wife; TRANSLEAD LOGISTICS, INC., a Quebec foreign corporation; JOHN DOES and JANE DOES I-X; BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS I-X inclusive, | (Assigned to the Honorable Joseph R. Georgini) |
| Defendants. | |

TO:     BIMAL R. MERCHANT, ESQ.

Translead Logistics, Inc. ("Translead"), a Quebec corporation, acknowledges

receipt of your request that it waive service of a summons in the above captioned

matter in the Superior Court of the State of Arizona in and for the County of Pinal.

Translead also has received a copy of the Complaint and Certification of Compulsory

Arbitration, two copies of this instrument, and a means by which it can return the

signed waiver to you without cost.

Translead agrees to save the cost of service of a summons and an additional

copy of the complaint in this lawsuit by not requiring that it be served with judicial

process in the manner provided by the Arizona Rules of Civil Procedure.

Translead will retain all defenses or objections to the lawsuit or to the

1

jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.[i]

Translead understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon you within sixty (60) days after December 29, 2021, or within ninety (90) days after that date if the request was sent to Translead outside of the United States.

DATED this 12th day of January , 2022.

By: _____
Authorized Representative of
Translead Logistics, Inc.

[i]

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Exhibit B

1  David L. Stout, Jr., Bar #024857
   Evann M. Waschuk, Bar #035568
2  JONES, SKELTON & HOCHULI P.L.C.
   40 N. Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone: (602) 263-7384
4  Fax: (602) 200-7809
   dstout@jshfirm.com
5  ewaschuk@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendant Translead Logistics,
7  Inc.

8                **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                        **COUNTY OF PINAL**

10

11 STEVEN S. JOHNSTON, a single man,          NO. S1100CV202102268

12                              Plaintiff,    **DEFENDANT TRANSLEAD LOGISTICS,**
                                              **INC.'S NOTICE OF FILING NOTICE OF**
                v.                            **REMOVAL**
13
   AMAR SEDDIKI and JANE DOE SEDDIKI,         (Assigned to the Honorable Joseph R.
14 husband and wife; TRANSLEAD LOGISTICS,     Georgini)
   INC., a Quebec foreign corporation; JOHN
15 DOES and JANE DOES I-X; BLACK
   CORPORATIONS I-X; WHITE
16 PARTNERSHIPS I-X inclusive,

17                             Defendants.

18

19         Defendant Translead Logistics, Inc., by and through undersigned counsel, pursuant

20 to 28 U.S.C. § 1441, et seq., notifies this Court that it has filed a Notice of Removal of this action

21 to the United States District Court for the District of Arizona. A copy of the Notice of Removal

22 (exclusive of exhibits) is attached as Exhibit A.

23

24

25

10181382.1

1          DATED this 10th day of February, 2022.

2                              JONES, SKELTON & HOCHULI P.L.C.

3

4                              By /s/ Evann M. Waschuk
                                 David L. Stout, Jr.
5                                Evann M. Waschuk
                                 40 N. Central Avenue, Suite 2700
6                                Phoenix, Arizona 85004
                                 Attorneys for Defendant Translead Logistics, Inc.
7

8   ORIGINAL of the foregoing electronically filed
    this 10th day of February, 2022.
9
    COPY of the foregoing mailed/e-mailed
10  this 10th day of February, 2022, to:

11  Bimal R. Merchant, Esq.
    MERCHANT LAW FIRM PLLC
12  1001 N. Central Avenue, Suite 660
    Phoenix, Arizona 85004
13  Attorney for Plaintiff

14  /s/ Kelli Huddleston

15

16

17

18

19

20

21

22

23

24

25

26

2